IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES J. JOHNSON,

        Plaintiff,

Vs.                                                  No. 06-4016-SAC

JOHN E. POTTER, UNITED STATES
POSTAL SERVICE; TERRANCE
COOK; and JAY BRIGGS,

        Defendants.

MEMORANDUM AND ORDER

        The *pro se* plaintiff filed a petition in the District Court of Shawnee County, Kansas, seeking monetary damages on claims that he did not receive "$250,000 contest winnings and a Western Union credit card" in the mail and that he overheard a third party asking the mail carrier delivering his mail whether a check was in the plaintiff's mail box. The defendants removed this case to federal court. (Dk. 1).

        The United States filed a Notice of Substitution (Dk. 10) asking that the United States be substituted for the individual defendants pursuant to 28 U.S.C. § 2679(d), as a suit against the United States is the exclusive remedy for the "loss of property . . . resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his . . . employment"

28 U.S.C. § 2679(b)(1). The court issued a minute order characterizing the government's filing as a Motion to Substitute the United States for the defendants Terrance Cook and Jay Briggs pursuant to 28 U.S.C. § 2679(d)(1) and as a Motion to Dismiss the Plaintiff's State Law Tort Claims pursuant to 28 U.S.C. § 2679(b)(1). (Dk. 11). The plaintiff was given until April 3, 2006, to file a response or to have the government's motions decided as uncontested. The plaintiff did not file any response opposing the government's motion to dismiss the state law claims against the individual defendants based on the exclusive remedy provision of 28 U.S.C. § 2679(b)(1). The court grants the government's motions as uncontested, and the defendants remaining in this suit are the United States Postal Service and the United States.

The defendants move the court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and (5) for lack of jurisdiction and failure to secure proper service upon the defendants. (Dk. 15). The plaintiff filed a response asking the court to deny the government's motion to dismiss "on the grounds" of his "two worries" which he identifies as the third party and the mail carrier and the conversation he overheard in which the third party asked the mail carrier whether "the business letter with my [plaintiff's] refund was in the mail box that day." (Dk. 16). For the reasons that follow, the defendants' motion to dismiss is granted.

**LEGAL STANDARDS**

A court's subject matter jurisdiction is its statutory or constitutional authority to adjudicate a given kind of case. *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). The party asserting federal jurisdiction bears the burden of proving this threshold jurisdiction. *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). The defendants lodge a facial attack to the sufficiency of the jurisdictional allegations. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). A court lacking subject matter jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993). "At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d at 1110. Nor is the court to "supply additional factual allegations to round out a

plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**AUTHORITIES, ANALYSIS, AND HOLDING**

Absent the government's consent, sovereign immunity precludes suits against the federal government or its agencies, and consent occurs "only when Congress unequivocally expresses in statutory text its intention to waive the United States' sovereign immunity." *Fent v. Oklahoma Water Resources Bd.*, 235 F.3d 553, 556 (10th Cir. 2000) (quotation omitted). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "[T]he existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Thus, to sue the United States, a plaintiff must allege a basis for jurisdiction and a specific statute that waives the government's immunity from suit, and dismissal is appropriate if no statutory waiver is alleged. *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir.2002); *Andrean v. Secretary of U.S. Army*, 840 F. Supp. 1414, 1421 (D. Kan. 1993).

Under the Postal Reorganization Act, 39 U.S.C. § 409(c), the Federal Tort Claims Act ("FTCA") applies to "tort claims arising out of activities of the

4

Postal Service." *See Boehme v. U.S. Postal Service*, 343 F.3d 1260, 1263 (10th Cir. 2003). Under the FTCA, the United States is liable for money damages for personal injuries caused by a governmental employee acting within the scope of his employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Because the FTCA constitutes a waiver of the sovereign immunity of the United States, the Court must strictly construe it in order to prevent expanding the waiver beyond what Congress intended. *See Pipkin v. U.S. Postal Service*, 951 F.2d 272, 275 (10th Cir. 1991); *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991). The FTCA waiver of sovereign immunity is jurisdictional in nature so that if the action is barred, the Court lacks subject matter jurisdiction over plaintiff's claim. *See id.*

One exception to the FTCA's general waiver of sovereign immunity is for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). "As a consequence, the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception." *United States v. Dolan*, 126 S. Ct. 1252, 1256 (2006). In short, the United States has expressly retained its sovereign immunity over claims for negligent handling of the mail. *See* 28 U.S.C. § 2680(b); *Anderson*

*v. United States Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985).

The plaintiff's allegations that he did not receive certain mail--contest winnings and a credit card–and that the mail carrier and a third party discussed the contents of his mail box are claims arising from "the loss, miscarriage, or negligent transmission of . . . postal matter."  28 U.S.C. § 2680(b).  For this reason, the court lacks subject matter jurisdiction over the plaintiff's claims. *See, e.g., United States v. Dolan*, 126 S. Ct. at 1257, 1258 (exception addresses "failings in the postal obligation to deliver mail," that is, conduct causing the "mail to be lost or to arrive late, in damaged condition, or at the wrong address." "Illustrative instances of the exception's operation, . . . would be personal or financial harms arising from nondelivery or late delivery of sensitive materials or information ( e.g., medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel ( e.g., shattering of shipped china)."); *Georgacarakos v. United States*, 420 F.3d 1185, 1186 (10th Cir. 2005) (Items become "postal matter" upon being mailed.  If the plaintiff sustains a loss only because the postal matter is lost or not delivered, then the "[p]laintiff's claims arise out of the loss of postal matter and are consequently within the § 2680(b) exception."); *McCullough v. United States*, 110 Fed. Appx. 158, 159, 2004 WL 2029985, *1 (2nd Cir. 2004) (Exception in § 2680(b) reaches an invasion of privacy claim based on "the

misdelivery or unauthorized opening of mail.").

Even assuming the plaintiff's claims did not come within the exception of § 2680(b), the plaintiff's claims would still fail as he has not alleged exhaustion of his administrative remedies. A claimant is jurisdictionally barred under the FTCA from bringing suit in federal court until he has exhausted administrative remedies. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999). "The burden is on the plaintiff to both plead and prove compliance with the statutory requirements." *In re Agent Orange Prod. Liab. Litig* ., 818 F.2d 210, 214 (2nd Cir. 1987) (citations omitted), *cert. denied*, 484 U.S. 1004 (1988). Absent such compliance, the district court lacks subject matter jurisdiction over the claim. *Id*. The plaintiff's complaint fails to allege compliance with the filing requirements of § 2675(a). The court shall dismiss this action rather than remand it to state court, as exclusive jurisdiction of FTCA claims resides in federal court and a remand to state court would be futile. *See Singletary v. United States*, 82 Fed. Appx. 621, 2003 WL 22792404 (10th Cir. Nov. 25, 2003).

IT IS THEREFORE ORDERED that the defendant's Notice of Substitution (Dk. 10), characterized as a Motion to substitute the United States for the defendants Terrance Cook and Jay Briggs pursuant to 28 U.S.C. §  2679(d)(1)

and as a Motion to Dismiss the Plaintiff's State Law Tort Claims pursuant to 28 U.S.C. § 2679(b)(1), (Dk. 11), is granted as uncontested;

IT IS FURTHER ORDERED that the defendants motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction (Dk. 15) is granted; and

IT IS FURTHER ORDERED that the defendant's motion to stay (Dk. 14) is denied as moot.

Dated this 19th day of April, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge